FILED
2014 Mar-31  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **JOANNE PEARSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case Number: 4:11-cv-01846-JHE** |
| | ) | |
| **TRAVELERS HOME & MARINE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joanne Pearson initiated this action against her insurer, defendant Travelers Home & Marine Insurance Company, for bad faith arising out of defendant's denial of an insurance claim. (Doc. 1-1). The matter is now before the court because plaintiff objects to a discovery order entered by Magistrate Judge Robert R. Armstrong, Jr. (Doc. 76).

## I. Procedural History

During discovery, defendant produced a redacted claims file, which reflected conversations between defendant and its counsel occurring prior to defendant's decision to deny plaintiff's insurance claim. Plaintiff moved to compel, seeking an order compelling defendant to produce the material in unredacted form. (Doc. 38).

Defendants opposed the motion, contending attorney-client privilege protected the redacted information plaintiff sought.  (Doc. 42).

After considering the parties' submissions, United States Magistrate Judge Robert R. Armstrong, Jr. denied plaintiff's motion to compel.  (Doc. 48).  Noting that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense,"  Fed. R. Civ. P. 26(b)(1), Magistrate Judge Armstrong explained:

> In this case [sic] Travelers insists that the redacted portions of the file are protected by the attorney-client privilege, and thus not within the scope of discovery. In a diversity case such as this one, state law governs application of the attorney-client privilege. Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). In Alabama
>
>> [t]he party asserting the attorney-client privilege bears the burden of establishing that the privilege attaches to the documents requested. *Lynch v. Hamrick,* 968 So.2d 11, 14 (Ala.2007); *Ex parte DCH Reg'l Med. Ctr.,* 683 So.2d 409, 412 (Ala.1996). "The burden is on the party asserting the attorney/client privilege to establish the existence of . . . facts demonstrating the claim of privileged information." 683 So.2d at 412.
>
> *Ex parte Tucker*, 66 So. 3d 750, 753 (Ala. 2011).

(Doc. 48 at 1-2).  Relying on *Ex parte Nationwide Mutual Insurance Company*, 990 So. 2d 335 (Ala. 2008), and other Alabama Supreme Court decisions, Magistrate Judge Armstrong determined the sought after correspondence was protected by

attorney-client privilege. (Doc. 48). He noted the Alabama Supreme Court's holding in *Ex parte Great American Lines Insurance Company*, that a coverage opinion letter by an attorney to the insurer "represents a communication from the attorney to the client, and that it is, therefore, a privileged communication," and found no reason the privilege would not extend to other attorney-client communications in a claims file prior to the denial (citing *Ex parte Great Am. Lines Ins. Co.*, 540 So. 2d 1357, 1358 (Ala. 1989). (Doc. 48 at 4) . Magistrate Judge Armstrong determined this conclusion was supported by the Alabama Supreme Court's holding *Ex parte Meadowbrook Insurance Group, Inc.*, a bad faith case in which it explained:

> It is undisputed that the "correspondence and e-mails between [the company] and [the lawyer] hired by [the company]" are subject to the attorney-client privilege. "The general rule is that an attorney cannot disclose the advice he gave to his client about matters concerning which he was consulted professionally, nor can the client be required to divulge the advice that his attorney gave him."

987 So. 3d 650, 550 (Ala. 2007) (quoting *Ex parte Great Am. Surplus Lines Ins. Co.*, 540 So. 2d 1357, 1358 (Ala. 1989)). Magistrate Judge Armstrong then explained that it was only after the Alabama Supreme Court noted the material was privileged that the court addressed whether the privilege could be waived when the privileged communication is injected into the case by the party enjoying the protection. (Doc. 48 at 5) (citing *Id.*). Because waiver was not an issue, Magistrate Judge Armstrong

3

held attorney-client privilege protected the information sought. (Doc. 48 at 5). He explained that unlike the defendant *in Nationwide*, defendant had not asserted an "advice of counsel" defense and, thus, had not injected the privileged communications into the litigation. (*Id.*).

Plaintiff then moved for reconsideration, acknowledging the applicability of Alabama law, but citing law from other jurisdictions. (Doc. 52). Magistrate Judge Armstrong denied the motion for reconsideration, noting there was no dispute Alabama law applied, and plaintiff cited no Alabama law (other than *Ex parte Nationwide Mutual Insurance Co.*) on the issue of attorney-client privilege in bad faith actions. (Margin Order dated June 22, 2012).

On August 1, 2012, Magistrate Judge Armstrong entered an order explaining that, after further consideration, he decided to hold oral argument on the attorney-client discovery issue. (Margin Order dated August 1, 2012). Prior to oral argument, plaintiff submitted additional briefing. (Doc. 67). On August 15, 2012, Magistrate Judge Armstrong held oral argument. (Minute Entry for August 15, 2012). The parties and the magistrate judge agreed the court would conduct an *in camera* review of defendant's unredacted claims file to assess plaintiff's objections to defendant's privilege log related to the redacted claims file. (Doc. 75 at 1). After an *in camera* review, Magistrate Judge Armstrong found all of defendant's claims of attorney-client

4

privilege and work-product protection were properly designated, and ruled defendant was not required to provide any of the redacted information. (Doc. 75). As to certain "work-product" designations, the magistrate judge expressly found plaintiff had not demonstrated the requisite substantial need and undue hardship to overcome the protection. (Doc. 75).

Plaintiff objected to Magistrate Judge Armstrong's ruling. (Doc. 76). Defendant has submitted a response to Plaintiff's objections. (Doc. 77).

## II. Standard of Review

The order at issue in this case is "nondispositive." "A magistrate judge ruling on a nondispositive matter does not somehow mutate into a ruling on a dispositive matter simply because that ruling ultimately affects the outcome of a claim or defense." *Pigott v. Sanibel Dev., LLC*, CIVA 07-0083-WS-C, 2008 WL 2937804 at *4 (S.D. Ala. July 23, 2008).

This court may reconsider such orders "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); *Merritt v. Int'l Broth. Of Boilermakers*, 649 F.2d

1013, 1017 (5th Cir. Unit. A June 1981).[1]  ("Pretrial orders of a magistrate [judge] under [§] 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination . . . ."); *Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1352 (M.D. Ala. 2007) ("[T]he question for a court reviewing a magistrate judge's order on the issue is whether the magistrate judge was clearly erroneous, that is, whether he abused his discretion.").

Clear error is "a highly deferential standard." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005).

> As the Supreme Court has explained, a "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525 (1948)).

*Holton*, 425 F.3d at 1350-51.  A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pigott*, 2008 WL 2937804 at *5.

### III. Analysis

After reviewing defendant's privilege log and redacted document and comparing those documents with the unredacted copies provided to the court under

---

[11]  In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.  661 F.2d 1206, 1207 (11th Cir. 1981).

seal, the undersigned has determined Magistrate Judge Armstrong's order was not "clearly erroneous or contrary to law." "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In a diversity case, such as this one, state law governs the attorney-client privilege. Fed. R. Evid. 501. Alabama law places the burden of establishing privilege on the party asserting the privilege. *Lynch v. Hamrick*, 968 So. 2d 11, 14 (Ala. 2007). Accordingly, the magistrate judge's decision that defendant met this burden is not clearly erroneous or contrary to law.

Although factually distinguishable, the Alabama Supreme Court's decision in *Ex parte Nationwide Mutual Insurance Company* is instructive. 990 So. 2d 335 (Ala. 2008). In *Nationwide*, the Alabama Supreme Court held the insured (who sued his insurer for bad faith) was entitled to discovery communications and documents created *before* Nationwide denied coverage. *Id.* at 364. Notably, Nationwide had asserted "advice of counsel" as a defense to the bad faith claim and, therefore, had already produced the "pre-denial" documents during discovery. *Id.* at 363-64.

Unlike Nationwide, defendant has *not* asserted "advice of counsel" as a defense to plaintiff's bad faith claim and has unequivocally and affirmatively stated it does not intend to do so in this case. Accordingly, defendant has not waived the attorney-client privilege by inserting the issue into the litigation. *See Ex parte Meadowbrook*

7

*Ins. Group, Inc.*, 987 So. 2d 540, 550-51 (Ala. 1989) (holding a defendant may "waive the [attorney-client] privilege by asserting reliance on the advice of counsel as an affirmative defense").

Alabama Rule of Evidence 502, Attorney-Client Privilege provides:

A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client,

(1) between the client or a representative of the client and the client's attorney or a representative of the attorney, or

(2) between the attorney and a representative of the attorney,

(3) by the client or a representative of the client or the client's attorney or a representative of the attorney to an attorney or a representative of an attorney representing another party concerning a matter of common interest,

(4) between representatives of the client and between the client and a representative of the client resulting from the specific request of, or at the express direction of, an attorney, or

(5) among attorneys and their representatives representing the same client.

Ala. R. Evid. 502(b).

With regard to the work-product protection:

Documents and tangible things otherwise discoverable, which are prepared in anticipation of litigation or trial by or for another party or for that other party's representative, are protected as work product and

are not ordinarily discoverable. *Ex parte Meadowbrook* identifies the elements of the work-product exception to the general discovery rule as follows: "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or representative of that party."  [987 So. 2d 540, 548 (Ala. 2007)].

*Ex parte Flowers*, 991 So. 2d 218, 221 (Ala. 2008) (citations omitted).

Having reviewed the provided documents and assertions of privilege, Magistrate Judge Armstrong's order — finding defendant's claims of attorney-client privilege and work-product protection were properly designated as such — was not clearly erroneous or contrary to law.  Further, the magistrate judge's conclusion that plaintiff did not show a substantial need/undue hardship related to the materials protected by work-product protection was not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii); *Borders v. City of Huntsville*, 875 So. 2d 1168 (Ala. 2003) (noting "the federal decisions construing the Federal Rules of Civil Procedure are persuasive authority in construing the Alabama Rules of Civil Procedure because the Alabama Rules were patterned after the Federal Rules.").

## IV. Conclusion

The magistrate judge's order was not "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Accordingly, plaintiff's objections are OVERRULED and the magistrate judge's order stands.

DONE this 31st day of March, 2014.

_____
United States District Judge